UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UBIQUITOUS CONNECTIVITY, LP,<br>    Plaintiff,<br>v.<br>CITY OF SAN ANTONIO, by and through its agent, CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, d/b/a CPS ENERGY,<br>    Defendant. | NO. 5:18-cv-00718-XR<br>(SA-18-CV-00718-XR)<br><br>**Judge Xavier Rodriguez** |
| UBIQUITOUS CONNECTIVITY, LP,<br>    Plaintiff,<br>v.<br>CITY OF SAN ANTONIO, by and through its agent, CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, d/b/a CPS ENERGY,<br>    Defendant. | NO. 5:20-cv-00815-XR<br>(SA-20-CV-00815-XR)<br><br>**Judge Xavier Rodriguez** |

## JOINT STATUS REPORT

Pursuant to this Court's Text Orders that stayed the above-styled cases and to file a Joint Status Report,[1] Plaintiff UBIQUITOUS CONNECTIVITY, LP ("Plaintiff") and Defendant CITY OF SAN ANTONIO, by and through its agent, CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, d/b/a CPS ENERGY ("Defendant ") (collectively the "Parties") respond as follows:

1. Both cases are currently stayed; the reason for the stays was that petitions for *inter partes* review ("*IPR*") to the Patent Trial and Appeal Board ("PTAB") of the United States Patent and Trademark Office ("USPTO") were made.

---

[1] Case No. 5:18-cv-00718-XR – Order dated October 11, 2019; Case No. 5:20-cv-00815-XR – Order dated January 20, 2021.

2. Specifically, on July 15, 2019, Resideo Technologies, Inc. ("Resideo") filed two *IPR*s challenging the validity of all the claims of U.S. Patent Nos. 8,064,935 (IPR2019-1335) and 9,602,655 (IPR2019-01336), the patents asserted in Case No. 5:18-cv-00718-XR.  The Defendant was identified as a real party-in-interest in those petitions.  The PTAB instituted the petitions, briefing was completed, and a hearing was held on October 27, 2020.

3. On September 13, 2019, Central Security Group–Nationwide, Inc. ("CSG")[2] filed petitions for *IPR* that are substantively identical to the two *IPR* Petitions filed by Resideo (IPR2019-1609, IPR2019-1610).  CSG moved to, and was granted leave to, join the Resideo petitions.

4. Before the stay in Case No. 5:18-cv-00718-XR was issued, Defendant had moved to dismiss the Complaint for lack of patentable subject matter, and that motion was denied (Dkt. No. 43).  Plaintiff filed its Amended Complaint on September 26, 2019 (Dkt. No. 44).  Defendant had not yet responded when this case was stayed.

5. Before the stay in Case No. 5:20-cv-00815-XR was issued, the pleadings were completed (Dkt. Nos. 1, 16, 18), and the Parties requested an extension of the time to file their Proposed Scheduling Order and Rule 26(f) Report (Dkt. No. 19), which this Court granted.[3]

6. On January 26, 2021, the PTAB issued its decisions in both IPRs.  The results were as follows:

- IPR2019-1335 - Patent No. 8,064,935:  Claim 12 was upheld as valid; Claims 1-11 and 13-22 were found to be invalid as obvious.

- IPR2019-1336 - Patent No. 9,602,655:  Claims 2, 9 and 11 were upheld as valid; Claims 1, 3-8, 10 and 12-24 were found to be invalid as obvious.

---

[2]   CSG is the defendant in two actions filed by Plaintiff: 1) N.D. Okla. No. 4:18-cv-00368-JED-FHM; 2) N.D. Okla. No. 4:20-cv-00649-GKF-CDL.  The same patents at issue in the cases in this Court are also at issue in the two cases pending against CSG.

[3]   On July 9, 2019, Plaintiff was issued U.S. Patent No. 10,344,999 (the '999 Patent), the patent asserted in Case No. 5:20-cv-00815-XR.

7. The Parties have met and conferred regarding the most sensible path forward in these litigations. It is the current plan of the Plaintiff to appeal the PTAB's decisions in both IPRs to the United States Court of Appeals for the Federal Circuit. Plaintiff is also considering other procedural mechanisms by which to clarify its patent rights before the USPTO. The deadline for filing notices of appeal of the two IPRs to the Federal Circuit is March 30, 2021. Additionally, the Defendant (or real party-in-interest) intends to file an *IPR* directed to U.S. Pat. No. 10,344,999 before June 15, 2021. For this reason, the Parties respectfully request that the two cases remain stayed. The Parties will provide a status update to the Court by May 1, 2021.

Dated: <u>March 12, 2021</u>　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　s/ *James F. McDonough, III*

**WAYNE WRIGHT LLP**
(Alexander) Wyatt Wright (TX 24037741)
Attorney in Charge
5707 W. Interstate 10
San Antonio, Texas 78201
Telephone: (210) 734-7077
Facsimile: (210) 734-9965
Email: wyatt@waynewright.com

**HENINGER GARRISON DAVIS, LLC**
James F. McDonough, III (GA 117088)*
Jonathan R. Miller (GA 507179)*
Travis E. Lynch (GA 162373)*
3621 Vinings Slope, Suite 4320
Atlanta, Georgia 30339
Telephone: (404) 996-0869, -0863, -0867
Facsimile: (205) 547-5504, -5506, -5515
Email: jmcdonough@hgdlawfirm.com
Email: jmiller@hgdlawfirm.com
Email: tlynch@hgdlawfirm.com

**Attorneys for Plaintiff**
*Ubiquitous Connectivity, LP*

\* admitted *Pro Hac Vice*

Dated: March 12, 2021                    Respectfully submitted,

s/ *S. Benjamin Pleune* #

**FISH & RICHARDSON P.C.**
Neil J. McNabnay (TX 24002583)
Rodeen Talebi (TX 24103958)
Ricardo J. Bonilla (TX 24082704)
David B. Conrad (TX 24049042)
1717 Main Street, Suite 5000
Dallas, Texas 75201
Telephone: (214) 747-5070
Facsimile: (214) 747-2091
Email: mcnabnay@fr.com
Email: talebi@fr.com
Email: rbonilla@fr.com
Email: conrad@fr.com

**ALSTON & BIRD LLP**
Brady Cox (TX 24074084)
2200 Ross Avenue, Suite 2300
Dallas, Texas 75201
Telephone: (214) 922-3400
Facsimile: (214) 922-3899
Email: brady.cox@alston.com

**ALSTON & BIRD LLP**
S. Benjamin Pleune (NC 28748)*
101 South Tryon Street, Suite 4000
Charlotte, North Carolina 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111
Email: ben.pleune@alston.com

**Attorneys for Defendant**
*CITY OF SAN ANTONIO, by and through its agent, CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, d/b/a CPS ENERGY*

\* admitted *Pro Hac Vice*
\# *e-signed* with express permission

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 12th day of March, 2021, I caused to be electronically-filed the foregoing document with the Clerk of Court using its CM/ECF system, which caused it to be served by electronic mail on counsel who have appeared in this matter.

*/s/ James F. McDonough, III*
James F. McDonough, III