IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CHARLES SHAMOON, *Plaintiff* | § § § § § § § § § | SA-18-CV-00718-XR |
| -vs- | | |
| CITY OF SAN ANTONIO, CITY SERVICE BOARD OF SAN ANTONIO, *Defendant* | | |

**ORDER**

On this date, the Court considered the status of this case. On July 12, 2018, Plaintiff Charles Shamoon ("Plaintiff Shamoon"),[1] through Ubiquitous Connectivity, LP ("Ubiquitous"),[2] brought suit against Defendant, alleging infringement of US Patent Nos. 8,064,935 ("the '935 Patent") and 9,602,655 ("the '655 Patent"). On September 20, 2018, Defendant asserted counterclaims against Ubiquitous seeking a declaration of noninfringement and of invalidity. ECF No. 18.

On October 11, 2019, this Court stayed proceedings in this case pending the outcome of *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB") challenging the validity of the '935 Patent and the '655 Patent. *See* October 11, 2019 Text Order. Thereafter, the parties informed the Court that the PTAB's decisions had been appealed to the Federal Circuit and requested that this case remain stayed pending the outcome of the appeal. ECF No. 50. As such, the Court has kept this case stayed pending the outcome of that appeal. *See* October 19, 2022 Text Order; December 15, 2022 Text Order. Thereafter, this case was inactive until July 2024.

---

[1] On August 3, 2022, the Court added Plaintiff Shamoon as a plaintiff in this case at his request. ECF No. 69.
[2] Though Ubiquitous was originally part of this suit, the Court since dismissed Ubiquitous as it failed to obtain counsel. *See* December 15, 2022 Text Order.

1

On July 10, 2024, the Court issued an order directing the parties to file an advisory no later than August 9, 2024, regarding the status of the Federal Circuit appeal and what remained to be done in this case. ECF No. 82.

On August 9, 2024, the parties filed a joint status report. ECF No. 87. In that report, the parties state that "although the PTAB found that most of the claims of the two challenged patents were unpatentable," the PTAB allowed claim 12 of the '935 Patent and claims 2, 9, and 11 of the '655 Patent to survive. *Id.* at 2. The parties further advise that the Federal Circuit affirmed the PTAB's decision on August 8, 2023. *Id.* The status report, however, fails to explain why this case remained inactive for nearly a year after the Federal Circuit's decision.

In the status report, Plaintiff Shamoon asserts that he intends to seek leave to file a second amended complaint (1) identifying Ubiquitous as the proper plaintiff,[3] and (2) narrowing the asserted claims to claim 12 of the '935 Patent and claims 2, 9, and 11 of the '655 Patent. *Id.* at 9. Defendant, however, asserts that (1) this case should be dismissed for Plaintiff's failure to advance the case, and (2) if the Court allows Plaintiff to file an amended complaint, Plaintiff's ability to prove the essential elements of patent infringement is tenuous at best. *Id.* at 6–8. In addition, "Defendant is concerned that removing Mr. Shamoon from the case will frustrate its ability to recover the cost and fees associated with defending what it believes to be baseless claims." *Id.* at 8.

Upon review of the status report filed by the parties, the Court will give Plaintiff Shamoon a choice. No later than **September 6, 2024**, Plaintiff Shamoon may either: (1) inform the Court that he intends to voluntarily dismiss his claims with prejudice, or (2) file a second amended complaint adding Ubiquitous as a plaintiff to this suit and narrowing the asserted claims. However,

---

[3] As stated above, Ubiquitous was originally part of this suit. However, the Court later dismissed Ubiquitous from the suit for failure to retain counsel. *See supra* note 2.

2

the Court will not permit Plaintiff Shamoon to withdraw from this case.[4] Accordingly, Plaintiff Shamoon will remain subject to the Court's jurisdiction for any future attorneys' fees award. And Ubiquitous is still required to be represented by an attorney.

Lastly, the Court observes that though attorney's fees are generally not awarded in patent cases, a court may properly award such fees in "exceptional cases." 35 U.S.C. § 285. As part of that analysis, courts consider the subjective strength of a party's litigating position as well as the unreasonable manner of litigation, such as unreasonable and prejudicial delays. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545 (2014).

It is so **ORDERED**.

**SIGNED** this 22nd day of August, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[4] Given Ubiquitous's previous inability or unwillingness to retain counsel, the Court is cautious of allowing Plaintiff Shamoon to wholly replace himself with Ubiquitous as the proper plaintiff. *See* ECF No. ECF No. 55; December 15, 2022 Text Order.