# EXHIBIT A

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | |
|---|---|
| **UBIQUITOUS CONNECTIVITY, LP AND CHARLES SHAMOON,** | **NO. 5:18-cv-00718-XR (SA-18-CV-00718-XR)** |
| **Plaintiffs,** | **Judge Xavier Rodriguez** |
| **v.** | **JURY TRIAL DEMANDED** |
| **CITY OF SAN ANTONIO, by and through its agent, CITY SERVICE BOARD OF SAN ANTONIO, d/b/a CPS ENERGY** | |
| **Defendant.** | |

## UBIQUITOUS CONNECTIVITY'S SUR-REPLY IN OPPOSITION OF CITY OF SAN ANTONIO D/B/A CPS ENERGY'S MOTION FOR A FINDING OF EXCEPTIONAL CASE AND FOR COSTS AND ATTORNEY'S FEES

Steven N. Williams
State Bar No. 21577625
Winston O. Huff
State Bar No. 24068745
William. Z. Duffy
State Bar No. 24059697
Robert A. Rhodes
State Bar No. 24116958
**MUNSCH HARDT KOPF & HARR, PC.**
500 North Akard Street, Ste. 4000
Dallas, Texas 75201-6659
T: (214) 855-7500
F: (214) 855-7584
swilliams@munsch.com
whuff@munsch.com
zduffy@munsch.com
rrhodes@munsch.com

**ATTORNEYS FOR PLAINTIFFS
UBIQUITOUS CONNECTIVITY, LP AND
CHARLES SHAMOON**

1

Plaintiff Ubiquitous Connectivity, LP ("UC") files this sur-reply in opposition to the Defendant City of San Antonio, by and through its agent, City Public Service Board of San Antonio, d/b/a CPS Energy's ("CPS" or "Defendant") Motion for A Finding of Exceptional Case and For Costs and Attorney's Fees.

## I.    CPS HAS NOT SHOWN THAT UC'S CLAIMS WERE OBJECTIVELY BASELESS

CPS argues that in the face of repeated and unambiguous feedback from CPS, UC should have known that its remaining claims lacked any plausible basis for infringement,[1] and thus its claims were objectively baseless.  "An objectively baseless or frivolous patent case is one 'that no reasonable litigant could reasonably expect success on the merits."  *Vedanti Licensing Ltd., LLC v. Google LLC*, No. 5:21-cv-01643-EJD, 2022 WL 799080, at *3 (N.D. Cal. Mar. 16, 2022) (quoting *Taurus IP, LLC v. DaimlerChrysler Corp.*, 726 F.3d 1306, 1327 (Fed. Cir. 2013)).  Again, CPS asks the Court to accept its self-serving conclusion that UC would be unable to show that its '655 Patent is infringed without the benefit of any discovery, claim construction rulings, summary judgment motions, or trial.  CPS cannot *sua sponte* determine that UC's claims were objectively baseless.

CPS additionally argues that UC is seeking to change a construction of the SMS Limitations to support its infringement allegations.[2]  CPS here is incorrect.  If this case would have proceeded to the preliminary contentions stage, which it has not, UC would have provided its infringement contentions demonstrating that its infringement allegations supported by publicly available information and in fact, were not objectively baseless.  This Court has not yet engaged in claim construction.  Although various claim terms of the '655 Patent have been construed by

---

[1] Dkt. 105 at 2.
[2] Dkt. 105 at 6.

the Patent Trial and Appeal Board ("PTAB") during IPR proceedings related to the patent, and by the court in a related case pending in the Northern District of Oklahoma,[3] this Court has not yet engaged in claim construction. Any claim construction made by the PTAB, or other courts, is not binding on this Court. *See e.g., SkyHawke Technologies, LLC v. Deca International Corp.*, 828 F.3d 1373, 119 U.S.P.Q.2d 1418 (Fed. Cir. 2016). Nevertheless, UC has not advocated that this Court should adopt a different construction of any claim terms from what have previously been made by the PTAB or the court in the Alert 360 Case.

*Octane Fitness* gives this Court wide discretion to consider the totality of the circumstances in determining whether and to what extent to award attorney fees under Section 285. *See Kilopass Tech., Inc. v. Sidense Corp.*, 738 F.3d 1302, 1310 (Fed. Cir. 2013). Here, an objective consideration of the totality of circumstances inevitably leads to the conclusion that this case is not one that stands out above others. UC has not filed an excessive number of pleadings nor has the Court made any adverse rulings directed to the merits of UC's infringement case. Further, CPS does not suggest any litigation misconduct by UC. In view of the totality of the circumstances and absence of misconduct, the Court should exercise its discretion here and deny CPS' Motion for Finding of Exceptional Case.

## II.    CPS' RELIANCE ON *MARCTEC* IS INAPPOSITE HERE

CPS' reliance on *MarcTec LLC v. Johnson & Johnson*, 664 F.3d 907, 913 (Fed. Cir. 2012) to urge the Court to hold this case exceptional based on UC's post-IPR conduct is misplaced. In *MarcTec*, the court determined that the case was exceptional **after** claim construction proceedings and **after** the district court granted the defendant's motion for summary judgment of noninfringement. In addition to finding that the plaintiff filed an objectively baseless lawsuit in

---

[3] *Ubiquitous Connectivity, LP v. Central Security Group Nationwide, Inc., d/b/a "Alert 360"*; Case No. 4:20-cv-00649-JDR-MTS ("Alert 360 Case").

3

bad faith, the district court further found that the plaintiff engaged in litigation misconduct. *Id.* at 915. Specifically, the plaintiff's litigation misconduct included: (1) misrepresenting both the law of claim construction and the constructions ultimately adopted by the court; and (2) introducing and relying on expert testimony that failed to meet even minimal standards of reliability, thereby prolonging the litigation and the expenses attendant thereto. *Id.* at 920.

Here, the Court has made no adverse rulings directed to the merits of UC's infringement allegations, and UC has not engaged in any conduct that could be construed as analogous to the misconduct found in *MarcTec*. In this case, UC's counsel filed a Notice of Appearance, a Second Amended Complaint and briefing related to CPS' Motion to Dismiss (including UC's Motion to Alter or Amend the Final Judgement entered by the Court) and CPS' Motion for Attorney's Fees. At no time has UC, or its counsel, made any misrepresentations of the law, nor has the Court made any findings to suggest otherwise. Indeed, the Court's order on CPS' Motion to Dismiss fails to support CPS' conclusion, noting only that the a claim limitation was missing. Further, UC has not relied on any testimony, expert or otherwise, that has been shown to be unreliable. In the absence of any evidence supporting its request for attorney's fees, CPS invites the Court simply to adopt CPS' own opinion that UC's claims are objectively baseless and then use CPS' own determination to punish UC for pursuing its claims. The Court should decline to do so.

### III.    CPS Has Not Met the Standards for Relief Under § 1927

CPS is not entitled to fees under § 1927. CPS essentially argues that UC's counsel should have known that the remaining claims of the '655 Patent could not plausibly be asserted against CPS' products, simply because CPS said so. Again, CPS invites the Court to accept CPS' manufactured conclusion in order to support its request for fees under § 1927. Section 1927 provides for the imposition of sanctions when an attorney "multiplies the

proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. "Under § 1927, only those fees and costs associated with 'the persistent prosecution of a meritless claim' may be awarded." *Browning v. Kramer*, 931 F.2d 340, 345 (5th Cir. 1991) (quoting *Thomas v. Capital Sec. Serv., Inc.*, 836 F.2d 866, 875 (5th Cir. 1988) (en banc)).[4] Moreover, to prevail under § 1927, "the claimant must prove, by clear and convincing evidence, that *every facet* of the litigation was patently meritless, ... and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pretrial motions, and trial." *See Procter & Gamble Co. v. Amway Corp.*, 280 F.3d 519, 526 (5th Cir. 2002) (emphasis in original, quotation omitted).

CPS fall far short from meeting its burden through clear and convincing evidence. As discussed above, when CPS filed its Motion for Attorney's Fees, UC had filed only one substantive pleading, namely its Second Amended Complaint. As such, it cannot be said that UC's counsel's has multiplied the proceedings unreasonably or vexatiously. Nor can CPS show that every facet of the litigation was patently meritless, ... and counsel must have lacked a reason to file the suit and must wrongfully have persisted in its prosecution through discovery, pretrial motions, and trial. Had it been allowed to proceed beyond the initial pleading stage to serve infringement contentions, UC would have provided detailed contentions that would demonstrate UC had conducted more than an adequate investigation which would lead any qualified counsel to conclude that there was a good faith basis for bringing the instant case. Quite simply, beyond its own conclusions, CPS has presented no evidence to support its request for fees under § 1927 and therefore, the CPS' Motion should be denied.

---

[4] Substantive issues of patent law are decided by the Federal Circuit, while purely procedural issues are decided using the regional circuit law. *Phonometrics, Inc. v. Westin Hotel Co.*, 350 F.3d 1242 (Fed. Cir. 2003).

IV.    CONCLUSION

For the foregoing reasons, the Court should deny CPS' Motion for A Finding Of Exceptional Case and For Costs and Attorney's Fees.

Respectfully submitted,

*/s/Steven N. Williams*
Steven N. Williams
State Bar No. 21577625
Winston O. Huff
State Bar No. 24068745
William. Z. Duffy
State Bar No. 24059697
Robert A. Rhodes
State Bar No. 24116958
**MUNSCH HARDT KOPF & HARR, PC.**
500 North Akard Street, Ste. 4000
Dallas, Texas 75201-6659
T: (214) 855-7500
F: (214) 855-7584
swilliams@munsch.com;
whuff@munsch.com
zduffy@munsch.com
rrhodes@munsch.com

**ATTORNEYS FOR PLAINTIFFS
UBIQUITOUS CONNECTIVITY, LP AND
CHARLES SHAMOON**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 25th day of June, 2025, I caused to be electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which caused it to be served on counsel who has appeared in this matter by electronic mail.

*/s/Steven N. Williams*
Steven N. Williams