UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| CHARLES SHAMOON, UBIQUITOUS CONNECTIVITY, LP, *Plaintiffs* <br><br> v. <br><br> CITY OF SAN ANTONIO, by and through its agent, CITY PUBLIC SERVICE BOARD OF SAN ANTONIO, d/b/a CPS ENERGY, *Defendant* | Case No.  SA-18-CA-00718-XR |

## ORDER ON MOTION TO ALTER OR AMEND THE JUDGMENT

On this date, the Court considered Plaintiffs' Motion to Alter or Amend the Judgment (ECF No. 102). Defendant's response (ECF No. 106), and Plaintiffs' reply (ECF No. 108). After careful consideration, Plaintiffs' motion is **DENIED** (ECF No. 102).

## BACKGROUND

This case is a patent dispute. Plaintiffs Charles Shamoon and Ubiquitous Connectivity LP alleged that Defendant City of San Antoino d/b/a CPS Energy infringed on a patent of thermostat remote-control technology. ECF No. 89. Plaintiffs' current motion seeks reconsideration of an order dismissing their action for failing to state a claim upon which relief can be granted ("the Order"). ECF No. 98.

Plaintiffs' action began almost seven years ago. ECF No. 98 at 1. Since that time, Plaintiffs have pursued the claim to the Patent Trial and Appeal Board, returned to this Court, filed two amended complaints, and fully briefed their opposition to Defendant's motion to dismiss. *See id*. Even so, Plaintiffs failed to plead sufficient facts to support their claim for relief. *Id*. at 12. The Court thus granted Defendant's motion to dismiss under Fed. R. Civ. P. 12(b)(6). The Court further

denied Plaintiffs' request to file a third amended complaint, citing Plaintiffs' failure to plead their best case and the prejudice to Defendant that further delays in doing so would cause. *Id.* at 12.

The Court's dismissal of Plaintiffs' action stemmed from Plaintiffs' failure to adequately allege that Defendant infringed one of the five elements of their patent claim: the transmission of a "notification via a simple message service responsive to determining that the cellular remote unit is outside of the geo-fence." ("SMS Limitation"). ECF No. 7–8. In other words, Plaintiffs failed to plead sufficient facts indicating that Defendant's infringing technology included the SMS limitation. Plaintiffs have brought the current motion urging the Court to reconsider this determination.

## LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) provides that "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." FED. R. CIV. P. 59(e). Rule 59(e) allows a court "to prevent a manifest injustice" by altering or amending a judgment upon a timely motion. *Id.*; *see also Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003).

There are three limited circumstances in which such a motion may be granted: (1) to correct a manifest error of law or fact, (2) to account for newly discovered evidence, or (3) to accommodate an intervening change in controlling law. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012). The only ground alleged in this case is "manifest error." To find such an error, the error must be "plain and indisputable" and one "that amounts to a complete disregard of the controlling law." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 311 (5th Cir. 2017), *cert. denied*, 138 S. Ct. 1037 (2018).

A Rule 59(e) motion "cannot be used to raise arguments which could, and should, have been made before the judgment issues." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor can it be used to "relitigate old matters" that have already been resolved. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)); *see also Templet v. HydroChem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."). A Rule 59(e) motion "calls into question the correctness of a judgment" and "is an extraordinary remedy that should be used sparingly." *Id*. at 478–79 (internal citations omitted). A court, in considering such a motion, must balance "the need to bring litigation to an end" and "the need to render just decisions on the basis of all the facts." *Camacho v. Ford Motor Co.*, No. SA-19-CV-23-XR, 2020 WL 1958638 (W.D. Tex. Apr. 23, 2020) (unpublished) (quoting *Templet*, 367 F.3d at 479). "Though the court must consider these competing interests, Rule 59(e) favors the denial of a motion to alter or amend a judgment." *Id*. (citing *S. Constructors Grp., Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993)); *see also Templet*, 367 F.3d at 479 ("Reconsideration of a judgment after it has been entered is a remedy that should be used only rarely.").

## DISCUSSION

Plaintiffs' motion and accompanying reply brief make several arguments for reconsideration. Plaintiffs assert that the Court misread the terms of Plaintiffs' patent, incorrectly concluded that the doctrine of equivalents did not apply, and failed to recognize that Plaintiffs "met the requisite pleading standard." ECF No. 102 at 4–8. These arguments merely rehash the issues presented at the motion to dismiss stage. The Order already addressed them.

Thus, Plaintiffs' arguments only operate as disagreement with the Court's conclusions. Disagreement alone is not enough to invoke "an extraordinary remedy that should be used sparingly." *Rollins v. Home Depot USA*, 8 F.4th 393, 396 (5th Cir. 2021). Relief under Rule 59(e) is limited to situations in which the movant demonstrates a change in law, new evidence, or manifest error. *See Demah*, 702 F.3d at 182. Plaintiffs show none of these; they only "relitigate old matters." *Exxon Shipping Co.*, 554 U.S. at 485 n.5.

Putting aside Plaintiffs' failure to meet the standards for reconsideration, their argument fails on its merits. Plaintiffs' complaint failed to state a claim because it did not plead sufficient facts to cover the SMS limitation element. Their instant motion distracts from this deficiency by claiming that the Court misunderstood a different element of the claim to require SMS communications. Even if that is true, it is immaterial: The fact remains that Plaintiff did not plead sufficient facts to meet the SMS limitation element.

## CONCLUSION

After careful consideration, Plaintiffs' motion for reconsideration (ECF No. 102) and is **DENIED**.

It is so **ORDERED**.

**SIGNED** this October 14, 2025.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE